# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| YOLANDA VIZCARRA CALDERON,<br>Fraccionamiento County Alamos,<br>Paseo de Los Abetos 4049,<br>Culiacan, Sinaloa 80050, Mexico | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 17-1458 |
| U.S. DEPARTMENT OF JUSTICE,<br>950 Pennsylvania Avenue, N.W.,<br>Washington, D.C, 20530-0001, | ) ) ) ) | |
| U.S. DEPARTMENT OF HOMELAND<br>SECURITY,<br>245 Murray Lane, S.W.,<br>Washington, D.C. 20528-0075, | ) ) ) ) ) | |
| U.S. DEPARTMENT OF STATE,<br>2201 C Street, N.W.,<br>Washington, D.C. 20520, | ) ) ) ) | |
| U.S. DEPARTMENT OF TREASURY,<br>1500 Pennsylvania Avenue, N.W.,<br>Washington, D.C. 20220, | ) ) ) ) | |
| and | ) ) | |
| U.S. DEPARTMENT OF DEFENSE,<br>1600 Defense Pentagon,<br>Washington, D.C. 20301-1600, | ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT FOR INJUNCTIVE RELIEF

Plaintiff, Ms. Yolanda Vizcarra Calderon, by through undersigned counsel, alleges as follows:

## I.   INTRODUCTION

1.     This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701-706, for injunctive and other

appropriate relief and seeking the disclosure and release of agency records wrongfully withheld

from plaintiff by defendants Department of Justice ("DOJ") and its components, the Drug

Enforcement Agency ("DEA") and the Office of Information Policy ("OIP"), the Department

of Homeland Security ("DHS") and its components, U.S. Citizenship and Immigration

Services ("USCIS"), U.S. Immigration and Customs Enforcement ("ICE"), and U.S. Customs

and Border Protection ("CBP), the Department of State ("DOS"), the Department of Treasury

("Treasury"), and its components, the Office of Foreign Assets Control ("OFAC") and the

Financial Crimes Enforcement Network ("FinCEN"), and the Department of Defense and its

component, U.S. Northern Command ("NORTHCOM").

## II.   JURISDICTION AND VENUE

2.      This Court has both subject matter jurisdiction over this action and personal jurisdiction

over the parties pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also has jurisdiction over this

action pursuant to 28 U.S.C. § 1331.  Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

3.      Plaintiff, a natural person, is a citizen and resident of Mexico.

4.      Defendant DOJ is a Department of the Executive Branch of the United States

Government, and includes component entities DEA and OIP.  The DOJ is an agency within the

meaning of 5 U.S.C. § 552(f).

5.      Defendant DHS is a Department of the Executive Branch of the United States

Government, and includes component entities USCIS, ICE, and CBP.  The DHS is an agency

within the meaning of 5 U.S.C. § 552(f).

6.      Defendant DOS a Department of the Executive Branch of the United States

Government.  The DOS is an agency within the meaning of 5 U.S.C. § 552(f).

7.      Defendant Treasury is a Department of the Executive Branch of the United States

Government, and includes component entities OFAC and FinCEN.  The Treasury is an agency

within the meaning of 5 U.S.C. § 552(f).

8.      Defendant DOD is a Department of the Executive Branch of the United States

Government, and includes the component entity, the U.S. Northern Command.  The DOD is an

agency within the meaning of 5 U.S.C. § 552(f).

### III.    FACTS

9.      From on or about April 2016 to May 2017, by separate submissions, plaintiff

submitted FOIA requests to defendants and their components for records relating to her.

10.     Defendants have partially denied the requested agency records, completely denied the

existence of any requested agency records, and/or otherwise failed to perform a good faith

search for the records.

### IV.    CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION

*DOJ (DEA)'s Full Denial and Lack of Good Faith Search*

11.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs

above, inclusive.

12.     By email dated April 29, 2016, plaintiff requested a copy of her complete record in the

possession of the DEA.

13.     By letter dated June 23, 2016, the DEA responded that:  (a) they conducted a

"preliminary search" of a database, the DEA Investigative Reporting, and Filing System

(IRFS), and "were unable to locate any records responsive to the request."  (DEA Case

Number 16-00362-P).  The DEA also wrote that "this response is limited to those records that

are subject to the requirements of the FOIA" which would exclude, whether such records "do

or do not exist," "three discrete categories of law enforcement and national security records"

exempted by Congress under 5 U.S.C. § 552(c).  (DEA Case Number 16-00362-P).

14.     Ten months later, by letter dated April 20, 2017, plaintiff again requested her "completed record, containing investigative materials, reports, and any other information or records" in the possession of the DEA.

15.     On April 26, 2017, the DEA wrote that "[a]s we previously indicated [in June 23, 2016], we are unable to locate any records pertaining" to plaintiff.  (DEA Case Number:  17-00335-P).

16.     The DEA did not conduct a new search (ten months had lapsed) or otherwise perform a full search of other databases as requested.  *See e.g.,* DOJ's Listing of DEA's Systems of Records available at *https://www.justice.gov/opcl/doj-systems-records#DEA.*

17.     On May 19, 2017, plaintiff filed an administrative appeal to the DOJ's Office of Information Policy ("OIP") and challenged, among other grounds whether DEA made a good faith effort to conduct a search for responsive records.

18.     By form letter dated May 25, 2017, defendant DOJ (OIP) acknowledged receipt of plaintiff's administrative appeal.  (OIP Case Number:  DOJ-AP-2017-004316).

19.     By letter dated June 29, 2017, the DEA adjudicated the appeal and affirmed its position that it is still unable to locate any responsive records.  The DEA further indicated that to the extent a FOIA exclusion was invoked, it can neither confirm nor deny that an exclusion was employed in any particular case.  (OIP Case Number:  DOJ-AP-2017-004316).

20.     Plaintiff has exhausted the applicable administrative remedies with respect to her FOIA request to defendant DEA.

21.     Defendant DOJ and its component have wrongfully withheld the requested DEA records from plaintiff or otherwise failed to perform a good faith search in violation of FOIA,

and abused its discretion in violation of the APA.

## SECOND CAUSE OF ACTION

*DHS' Partial Denial of Plaintiff's Request to USCIS, Full Denial of Plaintiff's Request to ICE, and Partial Denial of Plaintiff's Request to CBP*

22.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above, inclusive.

*-USCIS Partial Denial-*

23.     By email dated April 28, 2016, plaintiff requested a complete copy of her file in the possession of the USCIS.

24.     By letter dated November 29, 2016, defendant USCIS responded and identified 39 responsive records, and denied part of the request: (a) 10 pages were released in their entirety, (b) 12 pages were released in part, and (c) 14 pages were withheld in full.  Defendant USCIS withheld portions pursuant to 5 U.S.C. §§ 552(b)(3), (b)(7)(C), and (b)(7)(E).  (USCIS Case Number NRC2016070999).

25.     Defendant USCIS identified three additional documents that originated from defendant ICE.  USCIS did not produce these three ICE additional documents, but forwarded the request to the ICE FOIA Office and also invited plaintiff to correspond with ICE.  (USCIS Case Number NRC2016070999).

26.     Plaintiff has exhausted the applicable administrative remedies with respect to her FOIA request to USCIS as a subcomponent of defendant DHS.

27.     Defendant DHS has wrongfully withheld the requested USCIS records from plaintiff or otherwise failed to perform a good faith search in violation of FOIA, and has abused its discretion in violation of the APA.

*-ICE Full Denial-*

28.    By online submission dated April 29, 2016, plaintiff requested a complete copy of her file in the possession of ICE.

29.    By letter dated May 25, 2016, ICE denied the request in full because "[u]pon initial review of your request, I have determined that portions of information you are seeking is under the purview of [USCIS].  (ICE Case Number 2016-ICFO-35688).

30.    Upon information and belief, ICE possessed at least three documents per USCIS's representation that it declined to produce three documents because ICE was the originator. *See* ¶ 25; USCIS Case Number NRC2016070999.

31.    Plaintiff has exhausted the applicable administrative remedies with respect to her FOIA request to ICE as a subcomponent of defendant DHS.

32.    Defendant DHS has wrongfully withheld the requested ICE records from plaintiff or otherwise failed to perform a good faith search in violation of FOIA, and abused its discretion in violation of the APA.

*-CBP Partial Denial-*

33.    By online submission dated April 29, 2016, plaintiff requested a complete copy of her file in the possession of the CBP.

34.    By email dated April 29, 2016, CBP acknowledged plaintiff's request.

35.    By email dated September 7, 2016, CBP responded and denied part of the request:  (a) CBP produced only five responsive pages of a single record, a DS-160, dated September 23, 2015, with a partial redactions noted under "(b)(3)(B)" and (b) CBP failed to identify or otherwise produce other records in the possession of CBP.

36.    Plaintiff has exhausted the applicable administrative remedies with respect to her

FOIA request to CBP as a subcomponent of DHS.

37.     Defendant DHS has wrongfully withheld the requested CBP records from plaintiff.

38.     Defendant DHS and its component agencies, USCIS, ICE, and CBP have wrongfully withheld the requested records from plaintiff or otherwise failed to perform a good faith search of the records in violation of FOIA, and abused its discretion in violation of the APA.

## THIRD CAUSE OF ACTION

*DOS' Partial Denial of Plaintiff's Request*

39.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above, inclusive.

40.     By facsimile dated April 29, 2016, plaintiff requested a complete copy of all records including copies of all DS-160 forms filed at consular posts in Mexico the possession of defendant DOS.

41.     By letter dated October 14, 2016, defendant DOS responded and partially denied plaintiffs request citing 5 U.S.C. § 552(b)(3) and 8 U.S.C. § 1202(f).  Defendant DOS wrote that it identified 68 documents totaling 196 pages, but only produced one document in full and six documents in part.

42.     Plaintiff has exhausted the applicable administrative remedies with respect to her FOIA request to defendant DOS.

43.     Defendant DOS has wrongfully withheld the requested records from plaintiff in violation of FOIA and abused its discretion in violation of the APA.

## FOURTH CAUSE OF ACTION

*Treasury's Denial of Plaintiff's Request*

44.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs

above, inclusive.

45.     By letter dated May 23, 2017 plaintiff request all information concerning her from defendant Treasury.

46.     By letter dated May 30, 2017, defendant Treasury acknowledged receipt of the records request, and asked for clarification as to what specific records plaintiff was seeking from defendant Treasury.  (Treasury Case Number 2017-05-295).

47.     By email dated May 31, 2017, plaintiff refined the request to a complete search of records in the Department of the Treasury Office of Terrorism and Financial Intelligence (TFI) system as well as any other system, including those maintained by FinCEN.

48.     By email dated June 22, 2017, Treasury acknowledged receiving plaintiff's clarification of the search parameter on May 31, 2017.

49.     By letter dated June 26, 2017, Treasury wrote that it performed a search of its systems of records, but found no responsive records under the control of FinCEN responsive to the request, and can neither confirm nor deny the existence of any records subject to the Bank Secrecy Act.  (FINCen Case Number 12-250-F-P and Treasury Number 2017-05-290).

50.     Plaintiff has exhausted the applicable administrative remedies with respect to her FOIA request to defendant Treasury.

51.     Defendant Treasury has wrongfully withheld the requested records from plaintiff in violation of FOIA or otherwise failed to perform a good faith search of the records in violation of FOIA, and abused its discretion in violation of the APA.

## FIFTH CAUSE OF ACTION

*DOD's Denial of Plaintiff's Request*

52.     Plaintiff repeats and realleges the allegations contained in the preceding paragraphs above, inclusive.

53.     By letter dated April 26, 2017, plaintiff requested (a) complete copy of her records in the possession of the DOD, (b) complete copies of all records used for the preparation of unclassified, DOD contracted and funded, Institute for Defense Analyses ("IDA") paper P-4829 (Log no. H 11-001995), and (c) ten specifically named IDA reports: IDAOSRTR 2011-12-21-GMH10, 11, 12, 14, 15, 17, 33, 35, 36, 37 and 38.

54.     By letter dated May 31, 2017, NORTHCOM acknowledged receipt of plaintiff's request.  (NORTHCOM Case Number 17-R-124).

55.     By letter dated June 20, 2017, NORTHCOM wrote that it performed a search of its systems of records, but found no responsive records.

56.     Plaintiff has exhausted the applicable administrative remedies with respect to her FOIA request to defendant DOD's subcomponent, NORTHCOM.

57.     Defendant DOD has wrongfully withheld the requested records from plaintiff or otherwise failed to perform a good faith search of the records in violation of FOIA and abused its discretion in violation of the APA.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

(a)     Order defendants to produce *Vaughn* indices;

(b)     Permit plaintiff to undertake discovery, consistent with property handling

protocols,[1] relating to whether any withheld records in question by a defendant has been

"properly classified" in accordance with Executive Orders;

     (c)     Disclose the requested records in their entireties and make copies available to

plaintiff;

     (d)     Provide for expeditious proceedings in this action;

     (e)     Award plaintiff its costs and reasonable attorneys fees incurred in this action

per 5 U.S.C. § 552(a)(4)(E) and 21 U.S.C. § 2142(d); and

     (f)     Grant such other relief as this Court may deem just and proper.

DATED:   July 22, 2017
           New York, New York

          Respectfully submitted,

          *Counsel for Plaintiff*

          *//s//  Jason D. Wright*
          Jason D. Wright, Esq. DC Bar #1029983
          *Local Counsel*

          Wright Law Firm
          40 Fulton Street, 23rd Floor
          New York, New York 10038
          Direct:  (212) 285-8000 x. 6365
          Mobile:  (202) 578-0260
          Fax:  (917) 677-8577
          E-mail: jwright@jasonwrightesq.com

          *//s// Asa Hutchinson*
          *Admission for Pro Hac Vice Pending*

          W. Asa Hutchinson III, Esq.
          The Asa Hutchinson Law Group, PLC
          912 W. Central Ave.
          Bentonville, Arkansas  72712
          Phone: (479) 878-1600
          Email: ahutchinson@ahlawgroup.com

[1] Undersigned local counsel possesses an active top secret security clearance.