UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| YOLANDA VIZCARRA CALDERON, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 17-cv-1458 (CRC) |
| U.S. DEPARTMENT OF JUSTICE, | |
| Defendant. | |

## MEMORANDUM OPINION

Since June 2013, Yolanda Vizcarra Calderon and Ranfiel Castaneda Sanchez have sought visas to enter the United States. Pederson Decl. ¶ 15. But their requests have been denied on the ground that there is reason to suspect their involvement in money laundering and drug trafficking. Id. ¶ 21.[1] Seeking to learn the basis for the government's suspicions, both Vizcarra Calderon and Castaneda Sanchez filed a series of requests under the Freedom of Information Act ("FOIA"). Id. ¶ 3. As relevant here, Vizcarra Calderon filed a request with the Drug Enforcement Agency ("DEA") for any records about her. Myrick Decl., Ex. A. When the DEA reported that its search yielded no responsive records, she filed suit against the Department of Justice, the DEA's parent agency, under FOIA.[2] The Department has now moved for summary judgment. Finding that the Department has conducted an adequate search for records, the Court will grant its motion.

---

[1] Nothing in this opinion should be construed to express a view on whether Vizcarra Calderon or Castaneda Sanchez has any involvement in money laundering or drug trafficking. Both have consistently asserted their innocence on all fronts.

[2] Castaneda Sanchez filed a similar FOIA request and has brought suit against the DEA in a separate civil action.

Summary judgment may be granted when the moving party establishes that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In FOIA cases, summary judgment is the appropriate mechanism for determining whether an agency has discharged its obligations. See, e.g., Judicial Watch, Inc. v. CFPB, 60 F. Supp. 3d 1, 6 (D.D.C. 2014). The Court may rely on declarations or affidavits provided by agency personnel that are "relatively detailed and non-conclusory" when ruling on summary judgment. SafeCard Services, Inc. v. SEC, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation omitted). Such affidavits are "accorded a presumption of good faith." Id.

Under FOIA, an agency is obligated to conduct an adequate search for records responsive to a valid request. Rodriguez v. Dep't of Def., 236 F. Supp. 3d 26, 34 (D.D.C. 2017). Courts apply a "reasonableness" test to determine whether a search was adequate, and reasonableness is determined generally by the methods and not the fruits of a search. Id. The agency bears the burden of proving that its search was reasonable. Id. To do so, the agency "must show that it made a good faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." Oglesby v. U.S. Dep't of Army, 920 F.2d 57, 68 (D.C. Cir. 1990). In making this showing, the agency may rely on affidavits that detail "what records were searched, by whom, and through what process." Steinberg v. U.S. Dep't of Justice, 23 F.3d 548, 552 (D.C. Cir. 1994).

The Department has provided such an affidavit here. Katherine Myrick, the Chief of the FOIA Management Section at the DEA's headquarters in Arlington, Virginia submitted a sworn affidavit on behalf of the Department. See generally Myrick Decl. According to Myrick, she performed a search of the DEA's Narcotics and Dangerous Drugs Information System ("NADDIS"), the data index system for the DEA's Investigative Reporting and Filing System

2

("IRFS").  Id. ¶¶ 7, 15–16.  The IRFS contains "all administrative, general, and criminal investigative files compiled by DEA."  Id. ¶ 6.  Myrick attests that she performed multiple queries on NADDIS, including variations of Vizcarra Calderon's name and identifying numbers such as her date of birth.  Id. ¶¶ 15–16.  The Myrick Declaration is sufficiently detailed to carry the Department's burden of demonstrating it conducted a search reasonably calculated to turn up any responsive records.

Vizcarra Calderon raises two main arguments in response, but neither is persuasive.  First, she argues the search was inadequate because the Department did not search the DEA's Tijuana and Guadalajara, Mexico field offices despite a reasonable inference that any responsive records might be found there.  Citing the decision in McLaughlin v. U.S. Dep't of Justice, 530 F. Supp. 2d 210, 213 (D.D.C 2008), she argues that this failure to search every location where records might be reasonably found makes the search deficient.  But unlike in McLaughlin, where the government did not "refute[] [plaintiffs'] suggestion that it failed to search an obvious location," 530 F. Supp. 2d at 213, here the Department has provided assurances that it did in fact search the Tijuana and Guadalajara field offices.  According to a supplemental declaration filed by Myrick, "[a] search of IRFS using NADDIS is a worldwide search for DEA records, including records maintained at field offices."  Myrick First Supplemental Decl. ¶ 8.  In other words, Myrick has attested that any information that existed at the Tijuana and Guadalajara field offices would have been located via her search of NADDIS.  Vizcarra Calderon provides no basis upon which to conclude that the Supplemental Myrick Declaration does not accurately describe the scope of NADDIS.  Thus, the Department has justified that it searched in all the logical places where responsive records would have been found.

Second, Vizcarra Calderon suggests that the search was inadequate because it yielded no records even though she was informed by a government official that a "case" related to drug trafficking allegations against her exists. But "it is long settled that the failure of an agency to turn up one specific document in its search does not alone render a search inadequate." Iturralde v. Comptroller of Currency, 315 F.3d 311, 315 (D.C. Cir. 2003). Nor is it even certain that any existing "case" against Vizcarra Calderon is one involving the DEA. As the Department aptly points out, many agencies—including state agencies—have authority to investigate drug trafficking. It is certainly possible that any investigation into alleged drug trafficking involves a different law enforcement agency. At this juncture, Vizcarra Calderon does little more than speculate that the DEA had an open investigation into her alleged involvement in drug trafficking. "Mere speculation that as yet uncovered documents may exist does not undermine the finding that the agency conducted a reasonable search for them." SafeCard Services, 926 F.2d at 1201.

In light of the Myrick Declarations, the Court concludes that the Department has carried its burden to demonstrate it conducted an adequate search. The Court will therefore grant the Department's Motion for Summary Judgment. A separate Order shall accompany this memorandum opinion.[3]

CHRISTOPHER R. COOPER
United States District Judge

Date: March 6, 2018

---

[3] Vizacarra Calderon also brought a claim under the Administrative Procedure Act. However, in her opposition she withdraws this claim. See Pl.'s Mem. P. & A. Opp'n Def.'s Mot. Summ. J. at 6–7.